IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **MARILYN D. GRAY** | ) | CRIMINAL NO: 4:05 - 888 |
| Petitioner, | ) | CIVIL NO: 4:09-70042 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| Respondent. | ) | |

A motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 was filed in this case on April 8, 2009. (Doc. #267). The motion was filed by Samuel A. Gray, the petitioner's husband and co-defendant, on behalf of the petitioner Marilyn D. Gray. (Doc. #267[1]). A brief in support of the motion was filed on June 1, 2009. (Doc. #277). The brief was signed by both Marilyn D. Gray and Samuel A. Gray. (Doc. #277). On June 2, 2009, the United States of America ("Government") filed a response in opposition to the motion to vacate and a motion for summary judgment. (Docs. #278, #279). In the Government's response, it noted that the motion to vacate was improperly filed by the petitioner's husband rather than the petitioner herself. (Doc. #278). The Government contends that Samuel A. Gray has no standing to file a motion pursuant to 28 U.S.C. § 2255 on behalf of his wife, and therefore that the motion must be dismissed. (Doc. #278). The Government then filed an additional response, taking issue with the signatures on the brief filed in support of the motion. (Doc. #280).

The petitioner, Marilyn D. Gray, subsequently refiled a brief in support of her motion to vacate with a letter noting that "[t]his brief is signed by me and replaces the one previously filed."

---

[1] It appears that the Clerk of Court subsequently mailed the petition, submitted by Samuel A. Gray, to the institution at which the petitioner Marilyn D. Gray was housed. It further appears that Marilyn D. Gray signed the petition and returned it to the Court.

(Doc. #283). The petitioner filed two additional documents in support of the motion to vacate. (Docs. #282, #287).

The only person who may properly bring an action under 28 U.S.C. § 2255 is the actual prisoner in custody. <u>Reeves v. Bureau of Alcohol, Tovacco, Firearms and Explosives</u>, 2008 WL 2944666 (W.D. Va 2008). The motion to vacate in this action was improperly filed by Samuel A. Gray, the petitioner's husband and co-defendant. The petitioner asserts that there is no discrepancy, as "[t]he Clerk of the court sent [the original motion] it to Petitioner for her signature," and that "Petitioner sent the document back to the Court for immediate filing." (Doc. #282). The fact that the petitioner later placed her signature on the motion to vacate that was previously filed by her husband does not correct the error. Samuel A. Gray has no standing to file the motion to vacate on behalf of his wife. The Court may not properly consider the improperly filed motion, regardless of whether the petitioner authorized her husband to file the motion on her behalf.

Because the original petition in this case was improperly filed, the Court will **grant the petitioner an additional sixty (60) days to personally refile a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.** The petitioner is directed to file all documents relevant to the motion to vacate pursuant to 28 U.S.C. § 2255. **Failure to personally refile a motion to vacate pursuant to 28 U.S.C. § 2255 within sixty (60) days from the date of this Order will result in dismissal of this action.** If the petitioner chooses to personally refile a motion to vacate, the Court will require a response from the Government.

    **IT IS SO ORDERED**.

    s/Terry L. Wooten
    United States District Judge

September 21, 2010
Florence, South Carolina